IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2010

**CHARLES OWENS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-D-2592    J. Randall Wyatt, Jr., Judge**

_____

**No. M2009-00558-CCA-R3-PC - Filed April 13, 2010**

_____

Petitioner, Charles Owens, was convicted by a Davidson County jury of six counts of aggravated sexual battery. He received a sentence of twenty-four years. *State v. Charles Owens*, No. M2005-02571-CCA-R3-CD, 2007 WL 1094136, at *1 (Tenn. Crim. App., at Nashville, Apr. 12, 2007), *perm. app. denied*, (Tenn. Aug. 20, 2007). Petitioner's convictions were affirmed on appeal. *Id.* Petitioner subsequently sought post-conviction relief on the basis of alleged ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied the petition for relief. Petitioner appeals, arguing that the post-conviction court improperly denied the petition for relief. We agree with the post-conviction court that Petitioner failed to show that he received ineffective assistance of counsel for counsel's failure to object to various things at trial, in part because this Court had already determined on direct appeal that the alleged "prosecutorial misconduct" at trial did not affect the outcome of trial. Accordingly, because we determine that the post-conviction court properly dismissed the petition for post-conviction relief, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Charles E. Walker, Nashville, Tennessee, for the appellant, Charles Owens.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, III District Attorney General, and Brian Holmgren, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner was indicted by the Davidson County Grand Jury for five counts of aggravated sexual battery and one count of rape of a child involving victim Y.B., and one count of attempted rape of a child and three counts of aggravated sexual battery involving victim J.S.[1] *Id.* The victims, half-sisters, were the minor children of Petitioner's girlfriend. At the time of the incidents which gave rise to the indictments, Petitioner lived with his girlfriend. This Court stated on direct appeal that, at trial:

> Y.B. identified the incidents of inappropriate conduct supporting the charges by the street address of the residence in which the events occurred. The inappropriate conduct in the family's various residences included [Petitioner] rubbing Y.B.'s chest and genitalia, rubbing his penis against Y.B.'s genitalia while Y.B. lay on her back, naked, in [Petitioner's] bed, and making Y.B. apply lotion to [Petitioner's] pubic area. Y.B. said that [Petitioner] wore a robe, with or without underwear, during many of the incidents. Y.B. said that [Petitioner] showed her photographs of nude women during the acts, and sometimes placed a gun on the bed next to her. Y.B. said the pornographic photographs were kept in a black and gray box which [Petitioner] kept in a closet. Y.B. said that no one but her and [Petitioner] knew about the contents of the box. Y.B. also described a black and white key chain which [Petitioner] kept in the black and gray box. Y.B. said that when she looked inside the key chain, she saw a photograph of a man and a nude woman.
>
> Y.B. said that she was present when [Petitioner] rubbed J.S.'s genitalia with his hand in the bathroom of the Fourth Avenue North apartment on three different occasions. Y.B. said that [Petitioner] came into the bathroom where she was bathing her younger sisters, J.S. and Janeen. Y.B. said that [Petitioner] washed J.S.'s private parts with his hand instead of a washcloth. J.S. was between two and three years old at the time. Y.B. also testified that [Petitioner] rubbed J.S.'s genitalia with his hand while he was dressing her.

*Id.* at *2. J.S. did not have an independent recollection of the events. *Id.* Petitioner took the stand at trial. He maintained that he had cooperated with the police. *Id.* at *4.

---

[1] It is the policy of this Court to refer to the minor victims of sexual abuse by their intials.

The State nolle prossed count seven of the indictment charging Petitioner with the rape of J.S., and the remaining counts were renumbered accordingly. Following a jury trial, Petitioner was found guilty of six counts of the aggravated sexual battery of Y.B., and not guilty of the charges involving J.S. Petitioner was sentenced as a Range I, standard offender, to eight years for each aggravated sexual battery conviction. The trial court ordered the sentences for the convictions in counts two and three to be served consecutively to each other and to his conviction in count one. The sentences for the convictions in counts four, five, and six were ordered to be served concurrently with the sentence in count one, for an effective sentence of twenty-four years. *Id.* at *1. On appeal, Petitioner "argue[d] that the incidents of prosecutorial misconduct which occurred during opening and closing argument, and during the State's direct and cross-examination of the witnesses at trial, were so pervasive that [Petitioner] was denied his right to a fair trial." *Id.*

On direct appeal, Petitioner admitted that trial counsel failed to object to the various instances of prosecutorial misconduct. *Id.* at * 4. Thus, this Court reviewed Petitioner's claims via a plain error analysis. Petitioner challenged statements made during opening and closing argument which included comments on anticipated testimony, comments on the witnesses's demeanor, comments on coaching of witnesses, arguments based on facts not in the record, comments that amounted to biblical references, comments that improperly shifted the burden of proof to Petitioner, improper generalizations, and various statements made during direct and cross-examination of witnesses that were improper. After a thorough review of the record, this Court affirmed the judgment of the trial court, finding that Petitioner "failed to show that the prosecutor's comments were so improper or inflammatory as to have prejudicially affected the verdict. Thus, the improper conduct does not rise to the level of plain error, and [Petitioner] is not entitled to relief on this issue." *Id.* at *14.

Petitioner subsequently sought post-conviction relief. In the pro se petition for relief, Petitioner alleged that he was denied the effective assistance of counsel, denied a reasonable defense, denied "immunities and privileges of the constitution," was subject to unfair jury bias, and was deprived of rights secured by the constitution. With regard to ineffective assistance of counsel, Petitioner alleged that counsel failed to: (1) adequately investigate the case; (2) find witnesses; (3) ensure that Petitioner received a fair trial and due process of law; (4) allow Petitioner to testify;[2] (5) secure an impartial jury; and (6) ensure Petitioner received all rights he deserved.

Counsel was appointed for Petitioner and an amended petition was filed. In the amended petition, Petitioner alleged that trial counsel failed to object to improper questioning and statements by the prosecution. Specifically, Petitioner pointed to the following instances:

_____

[2]The record indicates that Petitioner actually testified at trial.

(1) the prosecutor's statement that "children have an absolute right to be believed" during opening statements; (2) the prosecutor's summation of the testimony of J.S. during opening statements; (3) the prosecutor's comments on Y.B.'s demeanor during closing statements; (4) the prosecutor's use of the word "blasphemy" in closing arguments; (5) the prosecutor's explanation of reasonable doubt during closing arguments; (6) the prosecutor's observations about Petitioner's testimony during closing argument; (7) the prosecutor's inappropriate references to the emotional impact of child sexual abuse cases; (8) the prosecutor's reference to sex offenders as a "different breed;" (9) the prosecutor's comments on items that were not in evidence; and (10) the prosecutor's improper introduction of hearsay during the testimony of J.S., a detective, Y.B., and witness Phyllis Thompson.

The State responded to the amended petition by asking the post-conviction court to dismiss the petition. The State argued that there should not be a hearing on the petition because the issues had previously been argued on direct appeal even though they were couched as prosecutorial misconduct rather than ineffective assistance of counsel. Further, the State pointed to a hearing held on the motion for new trial at which trial counsel testified "regarding each of these claimed errors and his failure to object to the testimony that was presented."[3]

The post-conviction court held a hearing on the petition for relief. At the hearing, the court heard the testimony of trial counsel, who recalled that trial strategy drove some of his decisions at trial, specifically some decisions regarding whether to make objections. Specifically, trial counsel testified that he generally does not object during opening and closing arguments because it is distracting and annoying to jurors. Trial counsel also testified that he usually does not object on every possible ground for the same reasons.

---

[3]The trial court held a hearing on the motion for new trial at which trial counsel testified, in part, to the following:

> [H]e had conducted between twenty and forty jury trials. He defined a "tactical strategy" as a "conscious decision not to object," or "a plan or some sort of methodology to not object at that point." Defense counsel stated that he had reviewed the issues raised in [Petitioner's] amended motion for new trial. He acknowledged that he did not discern a basis for objecting at the time to the introduction of certain statements or evidence, but trial counsel reiterated that his decision not to object was not a product of trial strategy. . . . Defense counsel stated that he did not see a basis for objecting to the prosecutor's statement during opening argument that "children have an absolute right to be believed."

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In a written order, the post-conviction court noted that the State sought to dismiss the petition on the ground that the matters were previously determined by this Court on direct appeal. The post-conviction court pointed out that the "new trial motion did not address ineffective assistance of counsel but instead addressed allegations of prosecutorial misconduct." Noting that this Court, "reviewed each of the Petitioner's . . . claims under plain error analysis because the issues were not preserved by trial counsel," the post-conviction court then stated that the "standard for asserting plain error and ineffective assistance of counsel, with respect to the prejudice required to be shown against the defendant, are essentially identical." The post-conviction then dismissed several of Petitioner's allegations, stating:

> [A]lthough the Court finds that the issue of ineffective assistance of counsel has not been previously adjudicated, the Court also finds that any ineffective assistance of counsel claims in this Petitioner that are identical to claims of prosecutorial misconduct that the appellate court ruled were not plain error not to have been preserved by trial counsel, also fail to establish the prejudice prong of the *Strickland* test for ineffective assistance. The Court will therefore dismiss identical claims in this Petition.

The post-conviction court dismissed the allegations of the following claims as ineffective assistance of counsel because they were identical to claims of prosecutorial misconduct made on direct appeal and, therefore, previously determined: (1) the prosecutor's statement that "children have an absolute right to be believed;" (2) the prosecutor's statement in opening summarizing the victim's testimony; (3) the State's comments on the demeanor of the witnesses in closing argument; (4) the State's statements that "oversimplified the role of the jury;" (5) the prosecutor's statement about "blasphemy;" (6) the prosecutor's attempt to shift the burden of proof to Petitioner; (7) the prosecutor's statement that sex offenders are a "different breed;" (8) the State's comments on the difficulties of prosecuting child sex abuse cases; and (9) the prosecutor's references to evidence that was not in the record.

As to Petitioner's allegations that the State improperly elicited hearsay evidence from its witnesses, the post-conviction court noted that this issue was also addressed on direct appeal, "but not for failure to demonstrate prejudice." The post-conviction court determined that the jury heard the testimony of both victims and that the hearsay statements complained of by Petitioner were supported by the testimony of the victims. In other words, the "failure to object to these statements did not create a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

The post-conviction court also addressed the allegations that were included in the original petition for post-conviction relief and abandoned in the amended petition for relief. The post-conviction court determined that the remaining allegations were "stated in his Petition but without any specific facts or showing of prejudice" and therefore without merit. These allegations included:

(1) counsel failed to object when it became clear that a juror knew the Petitioner's family; (2) counsel failed to call witnesses in the Petitioner's defense; (3) counsel failed to act as an advocate to the Petitioner; (4) counsel failed to adequately investigate the facts of the case; (5) counsel failed to ensure that the Petitioner received a fair trial consistent with due process; (6) counsel failed to effectively communicate with the Petitioner; (7) counsel failed to permit the Petitioner to testify; and (8) counsel failed to adequately cross-examine witnesses.

Consequently, the post-conviction court denied the petition for relief. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that trial counsel rendered ineffective assistance of counsel by failing to object to various statements made by the prosecutor and certain testimony elicited by the State from various witnesses. The State contends that the issues were raised as prosecutorial misconduct on direct appeal and, therefore, previously determined.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial

counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins*, 911 S.W.2d at 347. This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the case herein, the post-conviction court reviewed Petitioner's issues and concluded that the standard used to establish prejudice on post-conviction claims is "essentially identical" to the plain error standard used under *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). The post-conviction court noted that this Court utilized the plain error standard to review Petitioner's claims on direct appeal due to trial counsel's failure to object to various actions of the State at trial. *See Charles Owens*, 2007 WL 1094136, at *4. The post-conviction court thus determined that any claims of ineffective assistance of counsel in the post-conviction petition that were identical to Petitioner's claims on direct appeal and determined by this Court not to rise to the level of plain error also failed to establish prejudice in the context of a post-conviction proceeding.

We agree. In fact, this Court has ruled similarly in a post-conviction case. In *Douglas Marshall Mathis v. State*, No. M2006-02525-CCA-R3-PC, 2008 WL 1850800, at *10-11

(Tenn. Crim. App. 2008), *perm. app. denied*, (Tenn. Oct. 27, 2008), this Court examined a situation wherein the petitioner was convicted of first degree murder. On post-conviction appeal, the petitioner in *Douglas Marshall Mathis* argued that his trial counsel was ineffective because, among other things, he failed to object to improper argument by the State's attorney at trial. *Id.* at *10. We determined:

> On direct appeal, Petitioner argued that the district attorney's improper statements amounted to prosecutorial misconduct. *Id.* at *7. We noted that Petitioner failed to make a contemporaneous objection and analyzed the issue pursuant to the plain error doctrine. *Id.* at *7-8. We determined that Petitioner was unable to prove that "the jury was unduly swayed from its duties as explained in the jury instructions." *Id.* at *8.

> The same can be said of his post-conviction hearing. Petitioner has not proven that he was prejudiced by trial counsel's failure to object. We have held in a previous proceeding that Petitioner was unable to prove plain error as a result of the district attorney's inappropriate comments. To be successful on a post-conviction petition, Petitioner must prove both deficient performance by counsel and that the deficient performance was prejudicial. *See Powers*, 942 S.W.2d at 558. As stated above, to show prejudice Petitioner must show that but for the deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. As we stated in the direct appeal, to prove plain error occurred a defendant must prove that the alleged error, "more probably than not affected the judgment or would result in prejudice to the judicial process." *Marshall Mathis*, 2004 WL 392710, at *9. This is essentially the same standard. Therefore, this Court has previously determined that the inappropriate comments did not affect the judgment so that the result of the proceedings would have been different.

The same analysis used in *Douglas Marshall Mathis* applies herein. Petitioner raised various allegations in his post-conviction petition relating to the failure of trial counsel to object to certain statements and tactics employed by the State at trial. These were identical to the issues raised by Petitioner on direct appeal. Specifically, Petitioner pointed to the following instances: (1) the prosecutor's statement that "children have an absolute right to be believed" during opening statements; (2) the prosecutor's summation of the testimony of J.S. during opening statements; (3) the prosecutor's comments on Y.B.'s demeanor during closing statements; (4) the prosecutor's use of the word "blasphemy" in closing arguments; (5) the prosecutor's explanation of reasonable doubt during closing arguments; (6) the prosecutor's observation's about Petitioner's testimony during closing argument; (7) the prosecutor's inappropriate references to the emotional impact of child sexual abuse cases; and (8) the

prosecutor's reference to sex offenders as a "different breed." On direct appeal, this Court examined those issues via a plain error analysis and determined that there was no resulting prejudice from trial counsel's failure to object at trial. Because this Court has previously determined that the inappropriate comments did not affect the judgment so that the result of the proceedings would have been different, Petitioner is not entitled to relief on these issues. *See State v. Charles Owens*, 2007 WL 1094136, at \*1.

As for the remaining issues: (1) trial counsel was ineffective for failing to object to the prosecutor's comments on items that were not in evidence; and (2) trial counsel was ineffective for failing to object to the prosecutor's improper introduction of hearsay during the testimony of J.S., a detective, Y.B., and Phyllis Thompson, the post-conviction court determined that Petitioner was not entitled to relief. The post-conviction court opined that the jury heard the testimony of the victims that supported the alleged hearsay statements and that the failure to object to the statements "did not create a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." In other words, Petitioner could not prove prejudice on these claims. Petitioner did not offer any additional testimony or proof at the post-conviction hearing to support these additional claims. Further, after hearing the evidence at trial, the jury acquitted Petitioner of the charges related to J.S. Because Petitioner is unable to prove prejudice as a result of trial counsel's failure to object to the alleged hearsay statements and comments on facts that were not in evidence, he is not entitled to relief. This issue is without merit.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE